IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

ALEX WELLS,

    Petitioner,

vs.      No. 07-1144-B/An

STEPHEN DOTSON,

    Respondent.

---

ORDER GRANTING RESPONDENT'S MOTION TO DISMISS
ORDER OF DISMISSAL
ORDER DENYING CERTIFICATE OF APPEALABILITY
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

---

On August 20, 2007, Petitioner Alex Wells, Tennessee Department of Correction prisoner number 261882, an inmate at the Whiteville Correctional Facility in Whiteville, Tennessee, filed a pro se petition pursuant to 28 U.S.C. § 2254, accompanied by a motion seeking leave to proceed in forma pauperis, in the Eastern Division of this district. (Docket Entries ("D.E.") 1 & 2.) Then-Chief Judge James D. Todd issued an order on August 23, 2007 transferring the petition to this division, where it was reassigned to this judge. (D.E. 3.) On August 28, 2007, the Court issued an order granting leave to proceed in forma pauperis and directing Petitioner, within thirty (30) days, to file an amended petition on

the official form. (D.E. 4.) Petitioner filed his amended petition on September 26, 2007. (D.E. 5.) The Court issued an order on October 10, 2007 directing Respondent to file the state-court record and a response to the petition. (D.E. 7.) On November 15, 2007, Respondent filed a motion to dismiss the petition (D.E. 11) and, on November 20, 2007, Respondent filed most of the state-court record (D.E. 12). Petitioner has not responded to the motion to dismiss, and the time for a response has expired.

I. <u>STATE COURT PROCEDURAL HISTORY</u>

On August 21, 2003, pursuant to a negotiated plea agreement, Wells entered guilty pleas in the Fayette County Circuit Court to thirteen (13) counts of aggravated burglary, three (3) counts of theft of property valued between $10,000 and $60,000, eighteen (18) counts of theft of property valued between $1,000 and $10,000, five (5) counts of theft of property valued between $500 and $1,000, one (1) misdemeanor count of theft of property valued at less than $500, and eight counts of burglary. (D.E. 12-2 at 117-19.) He was sentenced to an effective term of thirty (30) years as a Range II, multiple offender. (<u>Id.</u> at 120-54; D.E. 12-3 at 3-15.)[1] Specifically, the trial court ordered the sentences for three of the aggravated burglary counts to run consecutively to each other but concurrently to the sentences on the remaining counts. The Tennessee Court of Criminal Appeals affirmed Petitioner's sentence.

---

[1] The page numbers refer to the pages of the PDF document, not the numbers stamped on the pages by Respondent.

2

State v. Wells, No. W2003-02282-CCA-R3-CD, 2004 WL 160 6976 (Tenn. Crim. App. July 16, 2004) (D.E. 12-6).

On March 5, 2005, Wells filed a pro se petition pursuant to the Tennessee Post-Conviction Procedure Act, Tenn. Code Ann. §§ 40-30-101 to -122, in the Fayette County Circuit Court. (D.E. 12-7 at 4-12.)[2] Wells filed an amended petition on May 27, 2005. (Id. at 13-20.) Counsel was appointed to represent Petitioner (id. at 23), and an amended petition was filed on August 10, 2005 (id. at 26-28). The postconviction court conducted an evidentiary hearing on August 23, 2005 (D.E. 12-8) and, on September 2, 2005, the postconviction court issued an order denying the petition (D.E. 12-7 at 29-34). The Tennessee Court of Criminal Appeals affirmed. Wells v. State, No. W2005-02841-CCA-R3-PC, 2006 WL 1381594 (Tenn. Crim. App. May 18, 2006), perm. app. dismissed (Tenn. Aug. 14, 2006).

II. PETITIONER'S FEDERAL HABEAS CLAIMS

In his original § 2254 petition, which was not filed on the official form, Wells raised three issues:

1. Whether the trial court lacked jurisdiction;

2. Whether his attorney rendered ineffective assistance, in violation of the Sixth Amendment; and

3. Whether his convictions were based on guilty pleas that were not intelligent and voluntary.

---

[2] In his memorandum, Respondent assumes that the petition is deemed filed on the date on which it is signed. (D.E. 11-2 at 2, 5.) As discussed infra, that assumption appears to be incorrect.

3

In response to the order issued on August 28, 2007, Wells filed an amended petition on the official form that contained a somewhat different list of issues, specifically:

1. Whether the trial court properly used Petitioner's juvenile record against him at the sentencing hearing;

2. Whether the sentence imposed was excessive;

3. Whether the trial court lacked subject-matter jurisdiction over offenses that did not occur in Fayette County; and

4. Whether Petitioner's guilty plea was intelligent and voluntary.

It appears, therefore, that Issues 3 and 4 were asserted in the original petition, Issues 1 and 2 are new, and the amended petition does not explicitly incorporate the ineffective assistance claim raised in the original petition. The Court will assume, for purposes of this order, that Petitioner did not intentionally omit his ineffective assistance claim and, therefore, that it constitutes a fifth issue for consideration.

III. <u>ANALYSIS OF THE MERITS</u>

Respondent has filed a motion to dismiss the petition on various grounds, including the statute of limitations.

    A. <u>Statute of Limitations</u>

Twenty-eight U.S.C. § 2244(d) provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall begin to run from the latest of—

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; and
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

State convictions ordinarily become "final" within the meaning of § 2244(d)(1)(A) when the time expires for filing a petition for a writ of certiorari from a decision of the highest state court on direct appeal. <u>Bronaugh v. Ohio</u>, 235 F.3d 280, 283 (6th Cir. 2000). The Tennessee Court of Criminal Appeals issued its decision on direct appeal on July 16, 2004. Pursuant to Tenn. R. App. P. 11(b), an application for permission to appeal to the Tennessee Supreme Court must be filed within sixty (60) days. Wells

did not submit a timely application and, therefore, the running of the limitations period commenced on September 14, 2004.[3]

The running of the limitations period was tolled, pursuant to 28 U.S.C. § 2244(d)(2), when Wells filed his postconviction petition on March 5, 2005.[4] By that time, one hundred seventy-two (172) days of the one-year limitations period had elapsed. The Tennessee Court of Criminal Appeals affirmed the dismissal of the postconviction petition on May 18, 2006, and the Tennessee Supreme Court dismissed Wells' application for permission to appeal on August 14, 2006. Because Respondent did not present the order issued by the Tennessee Supreme Court, it is not possible to determine whether the dismissal was on procedural grounds or was equivalent to a denial of permission to appeal. The distinction is potentially important, as the state appellate court decision was

---

[3] In his memorandum, Respondent states that Petitioner "was granted a delayed appeal for purposes of filing an application for permission to appeal the decision of the Tennessee Court of Criminal Appeals denying his direct appeal to the Tennessee Supreme Court." (D.E. 11-2 at 5 n .3.) Respondent is mistaken, as Petitioner did not seek, and was not granted, leave to file a delayed application for permission to appeal to the Tennessee Supreme Court.

Because Wells did not seek permission to appeal to the Tennessee Supreme Court, he was not entitled to file a petition for a writ of certiorari with the United States Supreme Court. Sup. Ct. R. 13.1 ("A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after the entry of the order denying discretionary review.").

[4] As previously noted, see supra p. 3 n.2, Respondent assumes that the petition is deemed filed on the date on which it is signed, which was, in this case, February 14, 2005. Respondent overlooks the fact that the Tennessee "mailbox rule" is effective only when a prisoner's papers "are not received by the clerk of the court until after the time fixed for filing." Tenn. Sup. Ct. R. 28, § 2(G); see Order of Dismissal at 2-3, Terry v. Mills, No. 04-3020-B/P (W.D. Tenn. July 27, 2006). As Wells' postconviction petition was plainly timely under Tennessee law, he is not entitled to the benefit of the "mailbox rule."

issued before the Supreme Court's decision in Lawrence v. Florida, 127 S. Ct. 1079, 1083 (2007), which effectively overruled the Sixth Circuit's decision in Abela v. Martin, 348 F.3d 164 (6th Cir. 2003) (en banc), holding that the period of tolling under 28 U.S.C. § 2244(d)(2) includes the time in which to file a petition for a writ of certiorari with the United States Supreme Court. Thus, Wells could argue that he is entitled to equitable tolling due to his reasonable reliance on Abela, but only if his application for permission to appeal to the Tennessee Supreme Court was "properly filed." Artuz v. Bennett, 531 U.S. 4 (2000).[5]

Regardless of when the running of the limitations period recommenced, the petition is time barred. If the Tennessee Supreme Court dismissed the application for permission to appeal on procedural grounds, Petitioner was not entitled to apply for a writ of certiorari to the United States Supreme Court, Sup. Ct. R. 13.1, and the running of the limitations period recommenced at the expiration of the time for filing an application, on July 17, 2006. At that time, one hundred ninety-three (193) days remained, and that time expired on January 26, 2007. The original petition was mailed on August 13, 2007 (D.E. 1 at 24), more than six months

---

[5] In Artuz, the Supreme Court held that "an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." Id. 8 (emphasis omitted; footnote omitted).

after the expiration of the limitations period, and it is, on its face, untimely.

The petition is untimely even if Wells were given the benefit of <u>Abela</u>. The Tennessee Supreme Court dismissed the application for permission to appeal on August 14, 2006 and, assuming Wells had a right to file a petition for a writ of certiorari, any petition had to have been filed by November 13, 2006, at which time the running of the limitations period recommenced.[6] The limitations period expired one hundred ninety-three (193) days later, on May 22, 2007. The original petition, which was filed on August 13, 2007, is plainly untimely.[7]

The one-year limitations period applicable to § 2254 petitions is subject to equitable tolling. <u>Griffin v. Rogers</u>, 308 F.3d 647, 652-53 (6th Cir. 2002); <u>see also</u> <u>Dunlap v. United States</u>, 250 F.3d 1001, 1004 (6th Cir. 2001) (equitable tolling also applies to § 2255 motions). Five factors determine the appropriateness of equitably tolling the statute of limitations:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive notice of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in

---

[6] Because the ninetieth day fell on Sunday, November 12, 2006, Wells would have had until November 13, 2006 to file a petition. Sup. Ct. R. 30.1.

[7] Section 2244(d)(1) provides that the limitations period begins to run from the <u>latest</u> of the four specified circumstances. In this case, however, an examination of Wells' claims reveals no basis for concluding that the limitations period commenced at any time later than the date on which his conviction became final.

remaining ignorant of the legal requirement for filing his claim.

Dunlap, 250 F.3d at 1008.[8]

The Sixth Circuit has stated that "equitable tolling relief should be granted only sparingly." Amini, 259 F.3d at 500; see also Vroman v. Brigano, 346 F.3d 598, 604 (6th Cir. 2003); Jurado v. Burt, 337 F.3d 638, 642 (6th Cir. 2003).

> Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control. . . . Absent compelling equitable considerations, a court should not extend limitations by even a single day.

Graham-Humphreys v. Memphis Brooks Museum, Inc., 209 F.3d 552, 560-61 (6th Cir. 2000); see also King v. United States, 63 F. App'x 793, 795 (6th Cir. 2003); Johnson v. U.S. Postal Serv., No. 86-2189, 1988 WL 122962 (6th Cir. Nov. 16, 1988) (refusing to apply equitable tolling when pro se litigant missed filing deadline by one day). Ignorance of the law by pro se litigants does not toll the limitations period. Price v. Jamrog, 79 F. App'x 110, 112 (6th Cir. 2003); Harrison v. I.M.S., 56 F. App'x 682, 685-86 (6th Cir. 2003); Miller v. Cason, 49 F. App'x 495, 497 (6th Cir. 2002) ("Miller's lack of knowledge of the law does not excuse his failure to timely file a habeas corpus petition."); Brown v. United States,

---

[8] This five-factor standard is identical to the test used to determine whether equitable tolling is appropriate in other contexts, including employment discrimination cases. Amini v. Oberlin College, 259 F.3d 493, 500 (6th Cir. 2001) (citing Dunlap); Truitt v. County of Wayne, 148 F.3d 644, 648 (6th Cir. 1998).

20 F. App'x 373, 374 (6th Cir. 2001) ("Ignorance of the limitations period does not toll the limitations period."); cf. Jurado, 337 F.3d at 644-45 (lawyer's mistake is not a proper basis for equitable tolling).

Wells did not respond to the motion to dismiss and, therefore, did not request equitable tolling. Wells also did not complete the portion of the form petition pertaining to timeliness (D.E. 5 at 13), which suggests that he was under the erroneous impression that the running of the one-year limitations period for filing a timely § 2254 petition commenced running only after the conclusion of all state-court proceedings on the postconviction petition. For the reasons previously stated, see supra pp. 9-10, a pro se prisoner's ignorance of the law is not a basis for equitable tolling.

The Court thus GRANTS Respondent's motion to dismiss the petition as time barred.

B. Waiver and Procedural Default

Respondent has moved to dismiss Issues 1 and 3 as barred by procedural default due to Petitioner's failure to exhaust his claims in state court. (D.E. 11-2 at 6-8.) Twenty-eight U.S.C. § 2254(b) states, in pertinent part:

(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that-

> > (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> > (B) (i) there is an absence of available State corrective process; or
> >
> > > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> > (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

A habeas petitioner must first exhaust available state remedies before requesting relief under § 2254. See, e.g., Granberry v. Greer, 481 U.S. 129, 133-34 (1987); Rose v. Lundy, 455 U.S. 509, 519 (1982); Rule 4, Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules"). A petitioner has failed to exhaust his available state remedies if he has the opportunity to raise his claim by any available state procedure. 28 U.S.C. § 2254(c); Preiser v. Rodriguez, 411 U.S. 475, 477, 489-90 (1973).

To exhaust his state remedies, the petitioner must have presented the very issue on which he seeks relief from the federal courts to the courts of the state that he claims is wrongfully confining him. Picard v. Connor, 404 U.S. 270, 275-76 (1971); Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994). "[A] claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." Gray v. Netherland, 518 U.S.

152, 162-63 (1996). "'[T]he substance of a federal habeas corpus claim must first be presented to the state courts.'" Id. at 163 (quoting Picard, 404 U.S. at 278). A habeas petitioner does not satisfy the exhaustion requirement of 28 U.S.C. § 2254(b) "by presenting the state courts only with the facts necessary to state a claim for relief." Id.

In addition, "[i]t is not enough to make a general appeal to a constitutional guarantee as broad as due process to present the 'substance' of such a claim to a state court." Id. When a petitioner raises different factual issues under the same legal theory, he is required to present each factual claim to the highest state court in order to exhaust his state remedies. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); see also Pillette v. Foltz, 824 F.2d 494, 496 (6th Cir. 1987). A petitioner has not exhausted his state remedies if he has merely presented a particular legal theory to the courts without presenting each factual claim. Pillette, 824 F.2d at 497-98. Each claim must be submitted to the state courts as a matter of federal law. "It is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." Anderson v. Harless, 459 U.S. 4, 6 (1982); see also Duncan v. Henry, 513 U.S. 364, 366 (1995) (per curiam) ("If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the

Fourteenth Amendment, he must say so, not only in federal court, but in state court.").

The state court decision must rest primarily on federal law. Coleman v. Thompson, 501 U.S. 722, 734-35 (1991). If the state court decides a claim on an independent and adequate state ground, such as a procedural rule prohibiting the state court from reaching the merits of the constitutional claim, a petitioner ordinarily is barred by this procedural default from seeking federal habeas review. Wainwright v. Sykes, 433 U.S. 72, 87-88 (1977). However, the state-court decision need not explicitly address the federal claims; instead, it is enough that the petitioner's brief squarely presents the issue. Smith v. Digmon, 434 U.S. 332 (1978) (per curiam).

When a petitioner's claims have never been actually presented to the state courts, but a state procedural rule prohibits the state court from extending further consideration to them, the claims are deemed exhausted, but procedurally barred. Coleman, 501 U.S. at 752-53; Teague v. Lane, 489 U.S. 288, 297-99 (1989); Wainwright v. Sykes, 433 U.S. at 87-88; Rust, 17 F.3d at 160.

A petitioner confronted with either variety of procedural default must show cause for the default and prejudice to obtain federal court review of his claim. Teague, 489 U.S. at 297-99; Wainwright v. Sykes, 433 U.S. at 87-88. Cause for a procedural

13

default depends on some "objective factor external to the defense" that interfered with the petitioner's efforts to comply with the procedural rule. Coleman, 501 U.S. at 752-53; Murray v. Carrier, 477 U.S. 478, 488 (1986).

A petitioner may avoid the procedural bar, and the necessity of showing cause and prejudice, by demonstrating "that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750. The petitioner must show that "'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" Schlup v. Delo, 513 U.S. 298, 327 (1995) (quoting Murray, 477 U.S. at 496). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Id.

The conduct of Wells' postconviction proceedings was governed by Tennessee's Post-Conviction Procedure Act, Tenn. Code Ann. §§ 40-30-101 to -122. That act specifies types of procedural default that might bar a state court from reviewing the merits of a constitutional claim. A one-year statute of limitations governs the filing of petitions. Id. at § 40-30-102. The statute also provides a standard by which state courts are to determine whether to consider the merits of post-conviction claims:

> Upon receipt of a petition in proper form, or upon receipt of an amended petition, the court shall examine the allegations of fact in the petition. If the facts alleged, taken as true, fail to show that the petitioner

14

is entitled to relief or fail to show that the claims for
relief have not been waived or previously determined, the
petition shall be dismissed. The order of dismissal shall
set forth the court's conclusions of law.

Id. at § 40-30-106(f).[9]

The Sixth Circuit has upheld the dismissal of a Tennessee prisoner's habeas petition as barred by a procedural default caused by failing to file within the Tennessee statute of limitations on postconviction relief. Hannah v. Conley, 49 F.3d 1193, 1194-95 (6th Cir. 1995) (construing pre-1995 statute and stating "the language of Tenn. Code Ann. § 40-30-102 is mandatory"). In this case, the prisoner's right to file any further state postconviction petition is barred by the one-year statute of limitations and, therefore, he does not have the option of returning to state court to exhaust any claim presented in this § 2254 petition.

---

[9] Tenn. Code Ann. § 40-30-106 continues:

(g) A ground for relief is waived if the petitioner personally or through an attorney failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented unless:

    (1) The claim for relief is based upon a constitutional right not recognized as existing at the time of trial if either the federal or state constitution requires retroactive application of that right; or

    (2) The failure to present the ground was the result of state action in violation of the federal or state constitution.

(h) A ground for relief is previously determined if a court of competent jurisdiction has ruled on the merits after a full and fair hearing. A full and fair hearing has occurred where the petitioner is afforded the opportunity to call witnesses and otherwise present evidence, regardless of whether the petitioner actually introduced any evidence.

Respondent contends that Issues 1 and 3 are barred by procedural default due to Petitioner's failure to exhaust his claims in state court. (D.E. 11-2 at 6-8.) Issue 1 was not raised in state court, either on direct appeal or in the postconviction proceeding, and, as there is no longer any means for raising the issue, it is barred by procedural default.

Issue 3 was presented in the postconviction petition (D.E. 12-7 at 5, 7-8, 15-16), and it was addressed at the hearing on the petition (D.E. 12-8 at 8-10, 27-28.) However, as the issue was not included in Wells' brief to the Tennessee Court of Criminal Appeals (D.E. 11-12), he has failed properly to exhaust the claim. The issue is now barred by procedural default.

The Court GRANTS Respondent's motion to dismiss Issues 1 and 3 as barred by procedural default.[10] As the Court has granted

---

[10] Respondent has also moved to dismiss Counts 2 and 4 on the ground that the decision of the Tennessee Court of Criminal Appeals was contrary to, or an unreasonable application of, clearly established federal law as determined by the United States Supreme Court. 28 U.S.C. § 2254(d)(1). (D.E. 11-2 at 9-15.) The Court DENIES this aspect of Respondent's motion to dismiss. The issue presented in Count 2, concerning the allegedly excessive sentence, is not cognizable in a petition pursuant to 28 U.S.C. § 2254, which authorizes federal courts to issue the writ on behalf of state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Error in the application of state law is not cognizable in a federal habeas proceeding. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); Pulley v. Harris, 465 U.S. 37, 41 (1984). Wells raised this claim on direct appeal solely as a matter of Tennessee statutory law (D.E. 12-5), not federal law. Therefore, the Court DISMISSES Count 2, although not for the reasons urged by Respondent.

As for Count 4, the record before this Court does not include the transcript of Wells' guilty plea hearing and, therefore, the Court is not in a position to rule on this aspect of Respondent's motion to dismiss. See, e.g., Adams v. Holland, 330 F.3d 398, 406 (6th Cir. 2003); see also Nash v. Eberlin, 437 F.3d 519, 523-25 (6th Cir. 2006). Because the Court has granted Respondent's motion to dismiss the petition as untimely, it is unnecessary to require him to
(continued...)

Respondent's motion to dismiss the petition as time barred, the Clerk is directed to enter judgment for Respondent.

IV. APPEAL ISSUES

The Court must also determine whether to issue a certificate of appealability ("COA"). The statute provides:

> (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>   (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>   (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c); see also Fed. R. App. P. 22(b); Lyons v. Ohio Adult Parole Auth., 105 F.3d 1063, 1073 (6th Cir. 1997) (district judges may issue certificates of appealability). No § 2254 petitioner may appeal without this certificate.

In Slack v. McDaniel, 529 U.S. 473, 483-84 (2000), the Supreme Court stated that § 2253 is a codification of the standard announced in Barefoot v. Estelle, 463 U.S. 880, 893 (1983), which requires a showing that "reasonable jurists could debate whether

---

[10] (...continued)
file the remaining portions of the state-court record.

(or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "'adequate to deserve encouragement to proceed further.'" Slack, 529 U.S. at 484 (quoting Barefoot, 463 U.S. at 893 & n.4).

The Supreme Court has cautioned against undue limitations on the issuance of certificates of appealability:

> [O]ur opinion in Slack held that a COA does not require a showing that the appeal will succeed. Accordingly, a court of appeals should not decline the application of a COA merely because it believes the applicant will not demonstrate an entitlement to relief. The holding in Slack would mean very little if appellate review were denied because the prisoner did not convince a judge, or, for that matter, three judges, that he or she would prevail. It is consistent with § 2253 that a COA will issue in some instances where there is no certainty of ultimate relief. After all, when a COA is sought, the whole premise is that the prisoner "'has already failed in that endeavor.'"

Miller-El v. Cockrell, 537 U.S. 322, 337 (2003) (quoting Barefoot, 463 U.S. at 893). Thus,

> A prisoner seeking a COA must prove "'something more than the absence of frivolity'" or the existence of mere "good faith" on his or her part. . . . We do not require petitioners to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail.

Id. at 338 (quoting Barefoot, 463 U.S. at 893); see also id. at 342 (cautioning courts against conflating their analysis of the merits with the decision about whether to issue a COA; "The question is

18

the debatability of the underlying constitutional claim, not the resolution of that debate.").[11]

In this case, there can be no question that the petition is time barred and that Issues 1 and 3 are barred by procedural default. Because any appeal by Petitioner on any of the issues raised in this petition does not deserve attention, the Court DENIES a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915(a)-(b), does not apply to appeals of orders denying § 2254 petitions. Kincade v. Sparkman, 117 F.3d 949, 951 (6th Cir. 1997). To appeal in forma pauperis in a habeas case, and thereby avoid the $455 appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). Kincade, 117 F.3d at 952. Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the prisoner must file his motion to proceed in forma pauperis in the appellate court. See Fed. R. App. P. 24(a) (4)-(5).

---

[11] The Supreme Court also emphasized that "[o]ur holding should not be misconstrued as directing that a COA always must issue." Id. at 337. Instead, the COA requirement implements a system of "differential treatment of those appeals deserving of attention from those that plainly do not." Id.

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter would not be taken in good faith, and leave to appeal <u>in forma pauperis</u> is DENIED. If Petitioner files a notice of appeal, he must also pay the full $455 appellate filing fee or file a motion to proceed <u>in forma pauperis</u> and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days of the date of entry of this order.

IT IS SO ORDERED this 28th day of May, 2008.

<u>s/ J. DANIEL BREEN</u>
UNITED STATES DISTRICT JUDGE